IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DIANA ZALDONIS, <br><br> Plaintiffs, <br><br> v. <br><br> UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION, <br><br> Defendant. | 2:19-cv-01220-CCW |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion for Final Judgment by Defendants University of Pittsburgh Medical Center and University of Pittsburgh Physicians. *See* ECF No. 45. In their Motion, UPMC and UPP request that the Court enter final judgment pursuant to Federal Rule of Civil Procedure 54(b) as to Relator Diana Zaldonis' claims against them, which this Court previously dismissed with prejudice. *See* ECF No. 42 (dismissing claims against UPMC and UPP without prejudice and setting deadline for filing of amended complaint) and ECF No. 43 (dismissing claims against UPMC and UPP with prejudice when Ms. Zaldonis did not file an amended complaint within the time provided). For the reasons that follow, UPMC's and UPP's Motion for Final Judgment will be granted.

**I.  Background**

In her Complaint, Ms. Zaldonis alleged four separate claims, two against UPMC and UPP and two against the remaining Defendants, University of Pittsburgh. *See* ECF No. 1. Ms. Zaldonis' claims against UPMC and UPP, pled in Counts I and II of the Complaint, alleged violations of the False Claims Act based on what Ms. Zaldonis claims were improper informed consent procedures used by some of UPMC's and UPP's surgeons. *See id.* Counts III and IV,

alleged against the University of Pittsburgh only, claim that Ms. Zaldonis was wrongfully terminated from her job in retaliation for protected conduct under the False Claim Act (Count III) and in violation of Pennsylvania law (Count IV). *See id.*

UPMC and UPP moved to dismiss Counts I and II. *See* ECF No. 23. On May 14, 2021, the Court granted UPMC's and UPP's motion to dismiss without prejudice, finding that Ms. Zaldonis had not met the threshold materiality showing necessary to plead violations of the FCA. *See* ECF No. 42. When Ms. Zaldonis did not file an amended complaint within the time permitted by the Court's Order granting the motion to dismiss, the Court dismissed Counts I and II with prejudice. *See* ECF No. 43. Now, UPMC and UPP seek entry of final judgment with respect to Counts I and II pursuant to Rule 54(b). *See* ECF No. 45. Their Motion is unopposed. *See id.*

## II.     Discussion

Federal Rule of Civil Procedure 54(b) is designed "to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) (citing *Allis-Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 363 (3d Cir. 1975)). The decision whether or not to certify under Rule 54(b) "is left to the sound judicial discretion of the district court to determine 'the appropriate time' when each final decision in a multiple claims action is ready for appeal," *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 466 U.S. 1, 8 (1980) (citation omitted), because the district court is the court "'most likely to be familiar with the case and with any justifiable reasons for delay.'" *Rodriguez v. City of Phila.*, Civil Action No. 14-4435, 2018 U.S. Dist. LEXIS 101741, at *36 (E.D. Pa. June 18, 2018) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)). As such, Rule 54(b) certification requires two separate conditions: "(1) there has been a final judgment on the merits, i.e., an ultimate disposition on a cognizable claim for relief; and (2) there is 'no just reason for delay.'" *Berckeley*, 455 F.3d at 202

(quoting *Curtiss-Wright,* 446 U.S. at 7-8). That said, "[c]ertification of a judgment as final under Rule 54(b) is the exception, not the rule." *Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 220 (3d Cir. 2012) (internal quotation marks omitted).

If a court does decide to certify under Rule 54(b), the district court must "do more than just recite the 54(b) formula of 'no just reason for delay.' The court should clearly articulate the reasons and factors underlying its decision to grant 54(b) certification." *Fed. Home Loan Mortg. Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 441 (3d Cir. 2003) (quoting *Allis-Chalmers*, 521 F.2d at 364). Furthermore, in considering whether to grant a motion for certification under Rule 54(b), the Third Circuit has articulated factors that the district courts should consider:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley,* 455 F.3d at 203 (quoting *Allis-Chalmers Corp.*, 521 F.2d at 364). Although these factors are not "jurisdictional," they are "'a prophylactic means of enabling the appellate court to ensure that immediate appeal will advance the purpose of the rule.'" *Id.* (quoting *Carter v. City of Phila.*, 181 F.3d 339, 345 (3d Cir. 1999)).

Here, the adjudicated and unadjudicated claims are only tangentially related; that is, although they have Ms. Zaldonis as a common element, Counts I and II asserted claims on behalf of the United States based on alleged fraudulent misrepresentations growing out of allegedly deficient informed consent procedures, whereas Counts III and IV assert claims on behalf of Ms. Zaldonis personally for alleged retaliation and wrongful termination. Consequently, there is little to no possibility that any need for review with respect to Counts I and II might be mooted by

3

future developments in this case, nor is there any likelihood that the Court of Appeals would be called on to consider the same issue twice. Next, there is no claim or counterclaim which could result in set-off against the judgment with respect to Counts I and II. And, finally, none of the miscellaneous factors (i.e. delay, shortening time of trial, etc.) counsel in favor of denying entry of final judgment.

Accordingly, because there has been a final disposition on the merits with respect to Counts I and II and because there is no just reason for delay, UPMC's and UPP's Motion will be granted.

### III. Conclusion

For the reasons set forth above, UPMC's and UPP's Motion for Final Judgment is hereby GRANTED.

DATED this 28th day of June, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record